NOT FOR PUBLICATION

FILED
IN CLERKS OFFICE
U.S
★ MAR 29 2006 ★
P.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHEAFEN F. KUO,

        Plaintiff,

-against-

LIBERTY MUTUAL GROUP,

        Defendant.

------------------------------------------------------------X

MEMORANDUM
AND ORDER
06-CV-1022 (ARR)

ROSS, United States District Judge:

Plaintiff, residing in Staten Island, New York and appearing *pro se*, files the instant action pursuant to the federal diversity statute 28 U.S.C. §1332 against defendant Liberty Mutual Group insurance company, headquartered in Boston, Massachusetts. Plaintiff has paid the requisite filing fee. For the reasons set forth below, plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

Plaintiff states that on November 26, 2003, he took out an automobile insurance policy with defendant, which covered two vehicles and insured plaintiff, his wife, and his daughter. Compl. at p. 1, ¶ 2. Plaintiff states that before the November 26, 2004 policy expiration date, defendant sent plaintiff a renewal policy with a rate of $3,086, but because plaintiff's daughter would be working in a foreign country, plaintiff sought to drop his daughter from the policy. Compl. at p. 1 ¶ 3. Plaintiff alleges that "defendant did not allow plaintiff to drop her from the policy unless plaintiff could provide the hard evidence, such as utility bills, to prove she actually does live at [a] new address." Compl. at p. 1, ¶ 3. After negotiating with defendant, plaintiff

states that defendant offered plaintiff a policy premium of $2,849, based on the fact that his daughter was now older than 25. Plaintiff states that after receiving a new policy document, stating the agreed upon $2,849 premium, he sent defendant a check in that amount, which defendant accepted and endorsed. Compl. at p. 2, ¶5. However, plaintiff states that on "October 19, 2005, plaintiff received a letter [from defendant] stating that unless additional payment of $237 is received the policy will be cancelled on 11/08/2005. Plaintiff [then] called defendant and faxed the policy document that showed $2849 was the premium and the copy of plaintiff's check of $2849 being endorsed by defendant." Compl. at p. 2, ¶ 6.

Although somewhat unclear, it appears that plaintiff's policy with defendant was cancelled between November 8, 2005 and November 25, 2005 and plaintiff started a new policy with a different insurance company on November 26, 2005. Plaintiff states that in December 2005, he sent a letter to defendant "with an employment certificate from [his daughter's] foreign employer and requested premium reduction, which defendant had promised to do . . . [and on] December 28 of 2005, plaintiff paid [a] $288 fine to New York State Department of Motor vehicle due to the cancellation of plaintiff's insurance between 11/08/2005 and 11/25/2005 by defendant." Compl. at p. 2, ¶¶ 8, 9. On January 10, 2006, plaintiff sent defendant a second letter with his daughter's information, again requesting a reduction in his premium. Finally, plaintiff alleges that

> [o]n January 19, 2006, defendant responded to the second letter, defendant fraudulently claimed that [plaintiff's daughter] was removed from the policy on November 26, 2004. Defendant made no premium reduction. Instead, defendant asked [for an] additional $75 payment through debt collection agent. Plaintiff paid $75 promptly, without damaging plaintiff's credit status. Defendant repeatedly and deliberately used fraudulent methods in order to keep plaintiff's business and charged an unfair premium rate. . . . Defendant did this to plaintiff

2

neither due to plaintiff's residency nor age but to race, ethnic background and national origin.

Compl. at pp. 2-3, ¶¶ 11, 12. Plaintiff seeks damages "for the compensatory as well as the punitive damages of $100,000, or whatever is deemed to be proper by this court." Compl. at p. 3.

## DISCUSSION

Subject Matter Jurisdiction

While the Court is sympathetic to plaintiff's situation, the subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see Fed. R. Civ. P. 12(h)(3).

Since plaintiff is proceeding *pro se*, the complaint is held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

3

Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ... .

The term "make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 applies to both private and state actors, including insurance companies. See Harris v. Allstate Insurance Company, 83 F.Supp.2d 423, 431 (S.D.N.Y. 2000).

To establish a claim under § 1981, a plaintiff must allege sufficient facts to support the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir.1993). To satisfy the second element, a plaintiff must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." Yusuf v. Vassar College, 35 F.3d 709, 713 (2nd Cir.1994). Here, plaintiff does not state what racial or ethnic class he belongs to and merely states that "[d]efendant did this to plaintiff neither due to plaintiff's residency nor age but to race, ethnic background and national origin." Plaintiff fails to describe specific acts by the defendant that would give rise to an inference of discriminatory intent. Therefore, plaintiff's minimal allegations, as presented, clearly do not suffice to support a § 1981 claim and do not establish any of the three elements essential to a § 1981 claim.

## CONCLUSION

Therefore, plaintiff is afforded an opportunity to establish that this Court has jurisdiction over his complaint. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Plaintiff may file an amended complaint, within thirty (30) days of the date of this order, establishing that "recovery in excess of [$75,000] is reasonably possible." Chase Manhattan Bank, 93 F.3d at 1070 (quotations omitted). In addition, if plaintiff chooses, plaintiff may amend his complaint alleging that defendant violated his rights under § 1981. In his amended complaint, plaintiff must allege facts to support the elements of a § 1981 claim, including the dates of all relevant events and a description of what actually occurred.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the time allotted, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                          ALLYNE R. ROSS
Dated: March 24, 2006            United States District Judge
      Brooklyn, New York